(No. 15098.—Judgment affirmed.)

THE PEOPLE *ex rel.* Homer M. Browne, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1923.*

1. TAXES—*when consent of town auditors to additional tax by highway commissioner may be obtained.* Under section 56 of the Road and Bridge law the township highway commissioner has no authority to levy for road and bridge purposes a tax in excess of fifty cents on the $100 unless the additional levy is authorized by the board of town auditors, but their consent may be obtained on the first Tuesday in September, provided it is obtained before the tax is levied.

2. Other questions in this case are controlled by the decisions in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 Ill. 459, *People* v. *Chicago and Eastern Illinois Railway Co.* 305 id. 454, and *People* v. *New York Central Railroad Co.* id. 434.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

FREE P. MORRIS, and ROSCOE C. SOUTH, (L. J. HACKNEY, and R. C. PORTER, of counsel,) for appellant.

ELMER A. TAYLOR, State's Attorney, (ARTHUR BOHN, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county board of Iroquois county levied upon the taxable property of that county a rate of twenty-five cents on the $100 valuation for all county purposes except taxes levied by it for State aid roads. It further levied thirty-

five cents on the $100 valuation for State aid roads, making the aggregate rate for all county purposes sixty cents. Appellant resisted judgment in the county court of that county for the twenty-five cent tax levied for general purposes and to ten cents of the taxes levied for State aid roads under section 14 of "An act in relation to State highways," approved June 24, 1921, being the amount of the tax in excess of fifty cents on the $100 valuation. It also objected to the judgment in favor of appellee of sixteen cents on the $100 valuation levied by the highway commissioners of the town of Beaver, in said county, for the construction, maintenance and repair of roads and bridges in said county. All the objections of appellant were overruled by the court and judgment and order of sale entered against it in favor of the appellee.

All the objections raised by appellant to the State aid road tax aforesaid have been settled by this court in other cases against its contention, and the county court's judgment for that tax is therefore sustained. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 Ill. 459; *People* v. *Chicago and Eastern Illinois Railway Co.* 305 id. 454; *People* v. *New York Central Railroad Co.* id. 434.

The objection to the twenty-five cent tax levied for general county purposes was made upon the ground that the treasurer's report of that county showed on September 1, 1921, a balance of $357,651.01, and that said sum was sufficient for all the county's expenses unpaid and also for the payment of the county's expenses for which said tax was levied, and that therefore there was no necessity for making any further levy for general county purposes. The evidence does not sustain this contention and the court ruled properly on this objection. Of said sum $139,201.48 was in the treasury for the use of townships for hard road purposes, and said townships had a further deposit in the treasury of $137,485.48 which was chargeable against said sum, leaving

a balance in the treasury for county purposes of $80,964.05. The testimony of Clarence South, county clerk, is to the effect that said sum is required to pay the expenses of the county until the other taxes are collected. There is no showing that this sum and the tax levied are excessive or not required by the county for general county purposes for current expenses for the time these sums were levied.

The objection to the road and bridge tax of Beaver township is to the effect that the highway commissioner did not have authority to levy exceeding a rate of fifty cents for the purposes aforesaid. This contention is based upon the provision of section 56 of the Roads and Bridges act as amended, which provides that the county clerk shall not extend against the taxable property of any town a rate in excess of fifty cents, unless before the first Tuesday in September the highway commissioner of the town shall have secured the consent, in writing, of a majority of the members of the board of town auditors to the extension of a greater rate, and in such case the rate shall not exceed that approved by a majority of the members of the board of town auditors. This statute is mandatory and is made for the protection of the tax-payers. The highway commissioner has no authority, under the provisions of this statute, to levy any sum in excess of fifty cents until he receives the consent, in writing, of a majority of the members of the board of town auditors. The act of consenting to the levy of additional tax is official in its nature, and this consent must be given by the town auditors in their official capacity at an official meeting, and the action of the board can be shown only by the record of such meeting. The only official meeting at which the board of town auditors can give its official consent to levying such additional tax is at its regular meeting on the first Tuesday of September before the making of such levy by the commissioner, and it is within the intent of the legislature for such consent to be given at such regular meeting. (*People* v. *Chicago and*

*Eastern Illinois Railway Co.* 306 Ill. 402.)    The written consent of the members of the board of town auditors of Beaver township was signed and delivered to Charles Winslow, commissioner of highways of said town, on September 6, 1921, which was the first Tuesday of said month. The record of the town auditors was not introduced in evidence, but we may assume that such consent was given at the regular meeting of the board on September 6, 1921, and in pursuance of the official action of the board.    The objection to the road and bridge tax of the town of Beaver was therefore properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*