(No. 15691.—Reversed and remanded.)

THE PEOPLE *ex rel.* Melvin Thaxton, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1923.*

1. TAXES—*item of county tax for "court fund" is sufficiently specific.* The rule which requires the county board to state separately the several purposes for which county taxes are levied is sufficiently complied with in a levy of a certain amount for "court fund."

2. SAME—*excess road and bridge tax without written consent of town auditors is invalid.* A levy of a township road and bridge tax in excess of fifty cents on the $100 is invalid where the highway commissioner has not obtained the written consent of a majority of the board of town auditors at a meeting held on the first Tuesday of September.

3. SAME—*curative act of May 31, 1923, is invalid.* The curative act of May 31, 1923, (Laws of 1923, p. 566,) purporting to validate certain township taxes, is unconstitutional. (*People* v. *Illinois Central Railroad Co. ante,* p. 212, followed.)

4. SAME—*when cross-errors cannot be assigned to ruling on tax item.* On appeal from a judgment overruling certain objections to the application of the county collector for delinquent taxes, cross-errors cannot be assigned as to a ruling sustaining an objection to an item of tax which is not brought up by the appeal.

APPEAL from the County Court of Williamson county; the Hon. A. D. MORGAN, Judge, presiding.

ED M. SPILLER, (H. T. DICK, of counsel,) for appellant.

310—17

D. L. Duty, State's Attorney, Ray D. Henson, and George T. Carter, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The Chicago and Eastern Illinois Railway Company appealed from the judgment of the county court of Williamson county overruling its objections to the application of the county collector for judgment against its railroad for taxes.

An objection was made to an item of the county tax, "Court fund, $4000," and the objection was properly overruled. A levy for "court expenses, bailiffs and jurors" was held in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, to be a sufficient compliance with the rule which requires the county board to state separately the several purposes for which county taxes are levied, and the same rule applies to a levy for "court fund."

Objection was made to the levy of a rate in excess of fifty cents on the $100 for road and bridge purposes in the towns of Herrin, Lake Creek, East Marion and West Marion, because the written consent of a majority of the board of town auditors at a meeting on the first Tuesday of September was not obtained. Such excess levy has been held invalid in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162.

The appellee relies upon the curative act of May 31, 1923, "to validate certain township taxes." (Laws of 1923, p. 566.) We have held that this act is unconstitutional in *People* v. *Illinois Central Railroad Co.* (*ante*, p. 212.) The objection to the road and bridge taxes should therefore have been sustained.

The appellee has argued that the court erred in sustaining the objection to the item of the county tax levy, "Prison fund, $4000," but the appeal does not bring up that item for consideration and cross-errors cannot be assigned on it.

*People* v. *Vogt,* 262 Ill. 170; *People* v. *New York Central Railroad Co.* 296 id. 187.

The judgment will be affirmed as to the county tax and reversed as to the road and bridge tax and remanded, with directions to sustain the objections to the road and bridge tax.      *Reversed and remanded, with directions.*