(No. 15817.—Judgment reversed.)

THE PEOPLE *ex rel.* Ezra Heatherly, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND · ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 19, 1924.*

1. TAXES—*when county clerk should reduce maximum rate according to county valuation.* Where the county valuation of all taxable property is more than the valuation equalized by the State .tax commission, the county clerk, in ascertaining the maximum amount of taxes authorized, is required, under the statute, to use the State valuation at the maximum rate, but in extending the taxes he is required to reduce the maximum rate to the rate which is found to be necessary to raise the same amount of taxes extended against the county valuation; and even though he extends the maximum rate against the State valuation, and as to the objector's property the State valuation is the same as the county valuation, an objection to the tax must be sustained. ·

2. SAME—*what is not a compliance with statute requiring consent to additional town tax for road purposes.* The statute requiring an additional tax for road and bridge purposes to be approved by the town auditors in writing is not complied with where the auditors held no meeting as required by statute but the highway commissioner secured the signatures of the individual auditors at their respective places of business.

3. SAME—*curative act cannot validate unauthorized tax.* The curative act of May 31, 1922, cannot validate the unauthorized levy of an additional tax for township road and bridge purposes. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212, followed.)

APPEAL from the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding.

P. J. KOLB, and W. W. WHEATLEY, (L. J. HACKNEY, and H. N. QUIGLEY, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, CHARLES H. THOMPSON, State's Attorney, and JACOB W. MYERS, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This appeal brings here for review a judgment of the county court of Saline county overruling objections of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to parts of certain tax levies. The objections involved are to a part of the county tax and part of the road and bridge tax of the town of Carrier Mills. Appellant paid all the taxes assessed against its property except the portion to which it objected, aggregating in all, including penalties, interest and costs, $395.32. The court overruled appellant's objections, rendered judgment against its property for the tax objected to, and this appeal is prosecuted from that judgment.

The county board made a levy of $70,000 for county purposes. The valuation of the taxable property in the county, including appellant's property, valued for taxation by the State tax commission, was $9,680,688, and the total valuation of the taxable property in the county as fixed by the county board of review was $9,991,850. The county clerk, in ascertaining the maximum amount of taxes which could be raised by extending a rate of fifty cents on the $100, ascertained the amount which a rate of fifty cents on the $100 of the State valuation would produce and found the amount the county could lawfully raise was $48,403.44. Then he extended a tax rate of fifty cents on the $100 against the State valuation, which was a little over $300,000 less than the county valuation. The complaint of appellant is, that having determined the maximum amount of taxes which could be lawfully levied in the manner required by statute, (Cahill's Stat. chap. 120, par. 361,) the county clerk extended the maximum rate against the State valuation instead of ascertaining what rate extended against the county valuation would produce the same amount of taxes author-

ized to be collected. A tax rate of $.4844 extended against the county valuation would produce that amount, and appellant contends the rate extended was $.0156 higher than was authorized by law. This contention of appellant was sustained in *People* v. *Illinois Central Railroad Co.* 310 Ill. 212.

It is not disputed that the county clerk extended a rate against the State valuation which was $.0156 on the $100 more than was required to produce the amount of tax it was lawful to levy, but appellee contends that by the rate extended appellant is not required to pay any more than its just proportion of the tax, as the valuation of its property by the board of review and by the tax commission was the same. This proposition has been decided contrary to appellee's contention. *Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 223 id. 17.

The road and bridge tax in the town of Carrier Mills was extended against appellant's property at the rate of sixty-six cents on the $100 valuation, and appellant contends the consent of the board of town auditors, in writing, was not obtained by the commissioners of highways, in the manner required by law, to levy the maximum rate. The statute requires the consent, in writing, of the board of town auditors to levy an additional rate above fifty cents on the $100 be given at a meeting to be held the first Tuesday in September. The first Tuesday in September, 1922, was September 5, but no written consent of the town auditors was given that day. The consent for the additional levy was given September 4, but no meeting of the auditors was held that day. The commissioner of highways took the consent for the additional levy to the individual members of the board of town auditors at their respective places of business and they signed it. Such a consent was not a compliance with the statute and did not authorize the levy of the additional rate of sixteen cents on the $100. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 Ill. 162.

It is insisted by appellee the tax was validated by the act of May 31, 1922. We held to the contrary in *People* v. *Illinois Central Railroad Co. supra.*

The court erred in overruling the objections, and the judgment is reversed.              *Judgment reversed.*