(No. 15916.—Reversed and remanded.)

THE PEOPLE *ex rel.* James Lord, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY *et al.* Appellants.

*Opinion filed April 14, 1924.*

1. TAXES—*when cross-errors cannot be assigned.* On appeal from a judgment overruling objections to items of taxes, the county collector cannot assign cross-error on the court's ruling in sustaining certain objections.

2. SAME—*consent to additional town road and bridge tax must be obtained at September meeting.* Written consent to the levy of an additional town road and bridge tax must be obtained at the meeting of the town auditors on the first Tuesday in September before making the levy for the additional amount, and the statute is not satisfied by obtaining the written consent of individual auditors prior to such meeting and making a recital of such consent in the record of the meeting. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, followed.)

3. SAME—*curative act cannot validate unauthorized tax.* The power of the legislature to validate a tax by a curative act is limited to the case of irregular exercise of power, and it cannot make proceedings valid which were void or validate the levy of an additional tax where authority for such levy is not obtained in the manner required by law.

APPEAL from the County Court of Livingston county; the Hon. RAY SESLER, Judge, presiding.

ADSIT, THOMPSON & HERR, and F. A. ORTMAN, for appellants.

JOHN H. McFADDEN, State's Attorney, and TUESBURG, WILSON & ARMSTRONG, (WILLIAM WILSON, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector applied to the county court of Livingston county for judgment against the lands of appellants, the Wabash Railway Company, the Illinois Central Railroad

Company, the Chicago and Alton Railroad Company, the New York Central Railroad Company and the Toledo, Peoria and Western Railway Company, for taxes levied in 1922 which were delinquent. The appellants severally objected to the excess above fifty cents on each $100 valuation of their taxable property in different towns, school taxes in several school districts and town taxes in certain towns. The parties stipulated that the cases should be consolidated and tried together as one case on a stipulation of facts, and this was done. The court overruled objections to the road and bridge taxes, school taxes and town tax of the town of Pleasant Ridge and sustained.the objections to the town taxes of Fayette township and Pontiac township. The consolidated case was appealed to this court, and the collector has assigned cross-errors on the ruling of the court sustaining objections to said town taxes.

Cross-errors cannot be assigned on appeal from a judgment overruling objections to items of taxes. *People* v. *Chicago and Eastern Illinois Railway Co.* 310 Ill. 257.

The appellee admits that the town tax levied in Pleasant Ridge township was invalid for the reason that the certificate of the town clerk showed a levy in the gross sum of $500 without specifying the amount for any particular purpose. Under that admission the question of the validity of that tax will not be considered.

The school taxes objected to were all levied after the first Tuesday in August, 1922, and the appellee also admits that they were invalid when levied and were not validated by the act of 1923. *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 508.

The objections to the road and bridge taxes were, that the county clerk extended the same at the rate of sixty-six cents on each $100 valuation of taxable property and that the excess above the fifty-cent rate was without lawful authority. It was stipulated that in each of the towns the only written consents of the several boards of town

auditors were obtained by the commissioners of highways from a majority of the members of the several boards before the first Tuesday in September, 1922, and were not given at any meeting of any board. The first Tuesday of September, 1922, was September 5, and the only consents filed with the county clerk as a basis for the extension of the road and bridge taxes at a rate in excess of fifty cents were filed before that at the following dates: Sullivan, August 29; Charlotte, August 30; Chatsworth, August 22; Fayette, August 26; Saunemin, August 26; Pontiac, September 2; Rooks Creek, August 29; Nebraska, August 29; Newtown, August 29; Odell, August 30; Pike, August 31; Eppards Point, August 30; Pleasant Ridge, August 30; Amity, August 5; Esmen, August 28; Reading, August 29; Nevada, August 26; Dwight, August 31; and Owego, August 25. The consent in the township of Sunbury was given August 5 and filed in the office of the town clerk but was never filed with the county clerk. The records of the meetings of the boards of town auditors in the following towns contained nothing relating to any consent to a road and bridge tax in excess of the fifty-cent rate: Sullivan, Charlotte, Chatsworth, Saunemin, Pontiac, Rooks Creek, Nebraska, Newtown, Odell and Pike. It was stipulated, however, that although the records in those towns did not show any consent in any manner, the highway commissioner of each of those townships was present at the meetings of the respective boards of town auditors and then certified and determined the tax rate to be sixty-six cents, and this was agreed to by parol by a majority of the boards of town auditors who had previously signed the written consents as individuals. The records of the several meetings of the boards of town auditors on September 5 in the townships of Reading, Amity, Esmen, Eppards Point, Pleasant Ridge, Owego, Indian Grove, Sunbury, Nevada and Dwight, recited that consent to the higher rate was given but no written consent was then made or signed.

The statute provides that the county clerk shall not extend a rate in excess of fifty cents on each $100 valuation of the taxable property of the town unless before the first Tuesday in September the board of highway commissioners of the town shall have secured the consent, in writing, of a majority of the members of the board of town auditors to the execution of a higher rate, and in such case the rate shall not exceed that approved by a majority of the members of the board of town auditors, and in no case shall it exceed sixty-six cents on each $100 valuation of the taxable property of the town. If that provision were construed literally it would require the consent of the board to be given at an impossible time, as providing that consent must be given before the first Tuesday at a meeting that must be held on the first Tuesday. The consent is a condition precedent to the levying of an additional tax, and the intention of the legislature could only be effected by requiring the consent to be obtained on the first Tuesday of September before making the levy for the additional amount,—and this was held to be the meaning of the statute in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402. There was no written consent to the additional road and bridge taxes objected to in this case by a majority of the board of town auditors, obtained at a meeting on the first Tuesday of September, and in every such case a levy in excess of the fifty-cent rate has been held invalid. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 Ill. 162; *People* v. *Chicago and Eastern Illinois Railway Co.* 310 id. 257; *People* v. *Illinois Central Railroad Co.* 310 id. 212; *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402.

The argument for the appellee is that the legislature contemplated a consent given outside of an official meeting of the board of town auditors, and for that reason provided that the authority be evidenced by consent in writing signed by a majority of the board as evidence of the authority

given, but if the consent is given at an official meeting, where there are minutes of the proceedings, the written consent is not required and a recital in the clerk's minutes is sufficient. Otherwise stated, the argument is that all that is required is consent, and evidence of such consent may be furnished by a writing before the meeting or by minutes of the clerk. A consent is an official act representing the judgment and consideration of the board of town auditors in their official capacity, and the judgment of the board must necessarily be exercised at an official meeting, and the evidence of it to be filed with the county clerk must be in writing and must be the writing of the majority of the board. The legislature has fixed the rate of fifty cents on each $100 valuation of taxable property as the limit of taxation for road and bridge purposes, but, realizing that unusual conditions might occur requiring a higher rate, has authorized an additional rate not exceeding sixty-six cents upon consideration by the board of town auditors at its meeting. It was not contemplated that a commissioner of highways could visit members of the board and obtain the consent of a majority, acting individually and separately and without the official judgment and consideration required by law. No reason is apparent for departing from the law as well established.

It is further contended that the curative act in 1923 merely eliminated the requirement of written consent and rendered the town clerk's records sufficient proof of authority to levy the higher rate. The power of the legislature to validate a tax by a curative act is limited to the case of irregular exercise of power, and it cannot make valid proceedings which were void, which would be equivalent to levying a tax by the curative act. There was not a mere irregular exercise of power but an absence of the essential requirement of official action, and the written consent could not be supplied by a curative act. *People* v. *Illinois Central*

*Railroad Co. supra;* People v. *Chicago and Eastern Illinois Railway Co. supra.*

The judgment of the county court overruling the objec-·tions to the school taxes and road and bridge taxes is re-versed. The cause is remanded to the county court for judgment in accordance with this opinion.

*Reversed and remanded.*