THE PEOPLE *ex rel.* Lial C. Pollock, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1925.*

1. TAXES—*the State's attorney should file brief on appeal from judgment for taxes.* On appeal from a judgment for delinquent taxes the State's attorney should prepare and file a brief showing why the judgment should be affirmed or confess error if the judgment is wrong, as it is of the utmost importance that all actions involving the public revenue shall receive careful attention of the officers charged with the duty of representing the public in court proceedings.

2. SAME—*the highway commissioner cannot levy tax for damages for right of way of State road.* The commissioner of highways of a town has no authority to cause a tax to be levied to pay damages agreed upon for purchasing the right of way of a State bond issue road through the town.

3. SAME—*when consent to additional town road and bridge tax must be obtained.* An additional town road and bridge tax cannot be levied without an affirmative showing of strict compliance with the statute granting the power to make such excess levy, and under the statute consent to the additional tax must be obtained at the regular meeting of the board of town auditors on the first Tuesday in September, and the amendment of 1923 to the Township Organization act does not authorize the giving of such consent at a special meeting.

4. SAME—*purpose of regular joint meeting of commissioner of highways and board of town auditors.* The statute requiring the commissioner of highways to meet with the board of town auditors at a specified time and place each year is to afford tax-payers an opportunity to appear and express their views regarding the amount that should be raised in the town for road and bridge purposes.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

FREE P. MORRIS, and ROSCOE C. SOUTH, (HOMER T. DICK, of counsel,) for appellant.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Iroquois county overruling objections to road and bridge taxes of several towns and entering judgment on the county collector's application.

No brief has been filed on behalf of appellee. Section 5 of the act in relation to State's attorneys makes it the duty of the State's attorney in the county, where it becomes necessary for the county collector to make application for judgment for delinquent taxes, to prosecute all such actions on behalf of any road district in his county. When an appeal is taken from a judgment in favor of the tax it is his duty to follow that appeal to this court, and, if he is of the opinion that the judgment of the trial court is right, he should present a brief supporting his views. (*Kelley* v. *Kelley,* 317 Ill. 104.) If he is of the opinion that the judgment is wrong and cannot be sustained he should confess error, and not merely abandon the case and leave this court to examine the record and prepare an opinion in a case which has no merit. It is of the utmost importance that all actions involving the public revenues shall receive the careful attention of officers charged with the duty of representing the public in court proceedings.

The commissioner of highways of the town of Middleport certified to the county board the amount of money necessary to be raised for road and bridge purposes in his town, and pursuant thereto a tax was extended requiring a rate of fifty-seven cents. Appellant refused to pay the excess tax which the record shows was levied for the purpose of raising $1243.50 to pay the amount of damages agreed upon for purchasing right of way through the town for State bond issue road No. 8. We held in *People* v. *Chicago, Terre Haute and Southeastern Railway Co.* 315 Ill. 589, that the commissioner of highways has no authority to

cause a tax to be levied for the widening of roads that have been taken over by the State as part of the system of State highways, and so the objection to this excess tax should have been sustained.

The county clerk extended against the taxable property of the towns of Martinton, Milford, Lovejoy and Pigeon Grove a rate of sixty-six cents on each $100 assessed valuation. The only consents in writing of the boards of town auditors of the several towns authorizing the extension of a rate in excess of fifty cents were those obtained by the respective commissioners on dates prior to the first Tuesday in September. The objection to the excess tax is that there is no statute authorizing the extension of the additional rate of sixteen cents, unless the commissioner obtained the consent in writing of the board of town auditors on the first Tuesday in September.

The tax to which objection is made is not the regular road and bridge tax. It is one in excess of the regular tax. Such a tax can be levied only when there is an affirmative showing of strict compliance with the statute granting the power to make such excess levy. (*Chicago and Alton Railroad Co.* v. *People,* 190 Ill. 20.) We have held that the consent of the board of town auditors must be given at the regular meeting of the board held on the first Tuesday in September, (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 Ill. 162; *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402;) and that such consent cannot be given on any other day. (*Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351; *St. Louis Nat. Stock Yards* v. *People,* 127 id. 22.) The board of town auditors does not initiate, fix or determine the amount of money to be raised in the town for road and bridge purposes. The commissioner of highways is the only officer who has authority to do this. He must determine the amount on the first Tuesday in September and on no other day. He determines this amount after taking

into consideration the amount of outstanding orders drawn against the treasurer of the road and bridge fund and after estimating the amount necessary for road and bridge purposes for the coming year. On the same day the commissioner determines these matters the law requires the board of town auditors to audit the accounts of the commissioner. One of the purposes of this audit is to determine the condition of the road and bridge fund and thereby furnish the commissioner information from which he can ascertain the amount necessary to be raised for road and bridge purposes. The law requires both meetings to be held in the office of the town clerk and makes him clerk of the commissioner of highways and of the board of town auditors. This meeting takes place at the end of the fiscal year, and until the board of town auditors meets on this day the commissioner cannot know just what amount of money he will need for the coming year. Even if he did know as an individual he cannot know the amount officially until this day, because he has no authority to determine the amount until he meets at the town clerk's office on the day fixed by statute. After he has considered all the matter before him and has determined that a certain amount is necessary for road and bridge purposes for the coming year and that this amount cannot be raised by the extension of a rate of fifty cents against the taxable property of the town, then he makes application to the board of town auditors, which is in session, for its consent to the levying of a tax which will require the extension of an additional rate. It is apparent from a consideration of these matters that the fixing of the regular fall meeting of the commissioner of highways and of the board of town auditors on the same day and at the same place was intentional, and that such joint meeting is necessary for the purpose of carrying out the intention of the legislature. (*Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 594.) These meetings are those of public bodies that have the authority to fix the amount of the

tax to be extended against the property of the tax-payers of the town. They are fixed to be held jointly at a specified time and place so that the tax-payers will be afforded an opportunity to appear before the two bodies and express their views regarding the amount of money that should be raised in the town for road and bridge purposes. *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112; *Chicago and Northwestern Railway Co.* v. *People,* 197 id. 411.

The amendment to section 3 of article 13 of the law in relation to the organization of towns, which became effective July 1, 1923, and authorizes the calling of a special meeting of the board of town auditors by certain of its members, effected no change in the act in relation to roads and bridges. (*People* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 536; *People* v. *Illinois Central Railroad Co.* 314 id. 339.) There is nothing in the amendment that suggests that it was the intention of the legislature to permit the calling of a special meeting of the board of town auditors, of which no public notice would be given, where the board would have authority to authorize the commissioner of highways to certify an amount for road and bridge purposes which would require the extension of an excess rate against the property of the town, without making provision for the tax-payer to appear and be heard on the question. The highway commissioner could not determine this amount before the first Tuesday in September, and certainly it is not reasonable to assume that the legislature intended to give to the board of town auditors authority to authorize an excess tax before the commissioner had the authority to determine that he needed the same. The consent to the excess tax was not legally given, and the objection to it should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*