THE PEOPLE *ex rel.* The County Collector of Ogle County, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1926.*

TAXES—*when consent to additional town road and bridge tax is not shown to have been obtained as required by law.* Consent to the levy of an additional town road and bridge tax must be obtained at the regular meeting of the board of town auditors on the first Tuesday in September before the making of the levy; and such consent is not shown by the record of the regular meeting showing approval of consent given at a special meeting, or showing consent without stating the amount of additional tax, nor by the recital in the highway commissioner's record that consent was given at a special meeting.

APPEAL from the County Court of Ogle county; the Hon. LEON A. ZICK, Judge, presiding.

SEYSTER & FEARER, (C. S. JEFFERSON, of counsel,) for appellant.

MARTIN V. PETERMAN, State's Attorney, (H. A. SMITH, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The county court of Ogle county overruled appellant's objections to road and bridge taxes levied in the towns of Scott, Marion, Maryland, Monroe, Dement, White Rock, Forreston and Flagg, in said county. The objection in each case went to the question whether the consent of the board of town auditors to an additional road and bridge tax in excess of fifty cents on the $100 valuation was secured at the regular meeting of the board on the first Tuesday in September, 1924.

It appears from the record that in the town of Scott the consent of the board of town auditors was had at a special meeting of the board held on August 25, 1924. The minutes of the highway commissioner of September 2, 1924, were introduced in evidence. That record shows that there were present at the meeting held on that date three members of the board of town auditors, when the commissioner of highways, upon due consideration of the necessities of the town and the fact that the written consent of the majority of the board of town auditors had been given at a special meeting of the board held on August 25, proceeded to levy the additional tax of sixteen cents on the $100 assessed valuation. It is conceded by the People that unless this record shows consent on the first Tuesday of September, as required by statute, it is not, under *People* v. *Chicago and Eastern Illinois Railway Co.* 319 Ill. 163, and numerous cases there cited, sufficient to justify the levy of the tax. No vote or action was taken by the board of town

auditors at the highway commissioner's meeting on the first Tuesday in September. The commissioner's records certify that he levied the tax in pursuance of the consent of the board of town auditors executed at a special meeting held on August 25, 1924. This was insufficient and the tax for the town of Scott was not legally levied.

In the town of Marion the board of town auditors, at a special meeting held on August 18, 1924, consented to an excess of sixteen cents in the road and bridge tax. The minutes of the meeting on the first Tuesday in September show "that the request of the commissioner to the extension of a greater rate of road and bridge taxes than fifty cents on the $100 valuation be allowed." It will be noted that this consent was not for any specified amount, as required by statute. The consent of August 18 was of no avail and the levy of the tax was not valid.

In the town of Monroe the minutes of the regular meeting show that the commissioner of highways certified a majority of the board of town auditors of the town of Monroe, at a special meeting held on the 27th of August, 1924, had consented to the levy and extension of an additional tax. This is not the consent of the board of town auditors given on the first Tuesday in September and does not comply with the statute.

As to such tax for the town of Maryland, it was stipulated that at a special meeting of the town auditors prior to September 2, 1924, consent was given to levy an additional tax for road and bridge purposes. The record of the regular meeting held September 2, 1924, shows no action taken as to the levy of road and bridge taxes. This does not comply with the statute.

In the town of Dement the consent was given at a special meeting of the board of town auditors held on the 28th day of August, 1924. The record of the meeting of the board of town auditors on September 2, 1924, shows the minutes of the meeting of August 28 were read and ap-

proved. This does not constitute an action taken at the regular meeting on September 2 but is merely the finding of the board of town auditors that the minutes correctly state what occurred at the previous meeting. This does not comply with the requirements of the law.

In the town of White Rock it appears that the consent of the board of town auditors was given on the 20th day of August, 1924. The record of the commissioner of highways shows that on September 2, 1924, he, on consideration of said consent, found that it was sufficient, determined the amount of money necessary and extended a rate of sixty-six cents on the $100 valuation. No consent was shown as required by law in this case. The levy was not justified.

The consent for this tax in the town of Forreston was obtained at a special meeting on August 22, 1924. While the State was given leave to amend the record of the board of town auditors no amendment was offered. This tax was not valid.

As to said tax for the town of Flagg, it appears that the county clerk extended the tax on the highway commissioner's record, in which is found the recital that consent was given by the board of town auditors at a special meeting. This is open to the objection urged as to other taxes herein referred to.

No error is urged on the action of the court in overruling objections to this tax in the town of Leaf River. The other taxes remaining were not valid and the county court erred in sustaining them.

The judgment of the county court is affirmed as to the town of Leaf River and reversed as to all other towns here considered.      *Affirmed in part and reversed in part.*