(No. 17338.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* County Collector of Ogle County, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1926.*

1. TAXES—*when consent to an additional town road and bridge tax must be obtained.* The consent of the board of town auditors to the levy of an additional tax for town road and bridge purposes in excess of fifty cents must be obtained at the regular meeting of the board on the first Tuesday in September before the making of the levy, and such consent cannot be given on any other day.

2. SAME—*written consent of board of town auditors must be shown by record to authorize levy of additional road and bridge tax.* Section 56 of the Road and Bridge act requires consent in writing signed by a majority of the members of the board of town auditors, acting in their official capacity at an official meeting, to authorize the levy of an additional town road and bridge tax; and such official action can be shown only by the record of the proceedings of the board; and it is not sufficient that the highway commissioner recite the obtaining of such consent in his certificate of levy.

APPEAL from the County Court of Ogle county; the Hon. LEON A. ZICK, Judge, presiding.

SEYSTER & FEARER, (J. A. CONNELL, of counsel,) for appellant.

MARTIN V. PETERMAN, State's Attorney, (H. A. SMITH, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county collector of Ogle county applied to the county court for judgment against the property of the Chicago, Burlington and Quincy Railroad Company for road and bridge taxes levied in 1924 in the towns of Pine Creek, Buffalo, Eagle Point, Pine Rock, Flagg, Dement, Nashua, Mt. Morris and Forreston, and the railroad company objected to the road and bridge taxes in excess of fifty cents on the $100 valuation on the ground that the consent of the respective boards of town auditors in these towns to levy such excess was not obtained at the regular meeting in September, as required by law. The court overruled the objections and entered judgment of sale against the property of the railroad company, and it has appealed.

In *People* v. *Chicago and Eastern Illinois Railway Co.* 319 Ill. 163, and *People* v. *Chicago and Eastern Illinois Railway Co.* id. 171, and in numerous cases before those decisions, we have held that the obtaining of the consent of the board of town auditors at the regular meeting of the board on the first Tuesday in September was a condition precedent to the levy of a tax in excess of fifty cents on the $100 and that such consent cannot be given on any other day; and in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402 and *People* v. *Wabash Railway Co.* 311 id. 579, we held that the statute (section 56 of the act of 1913 to revise the law in relation to roads and bridges) requires not merely the consent of a majority of the board of town auditors, but a consent in writing signed by a majority of the members of the board acting in their official capacity at an official meeting, and that such official action can be shown only by the record of their proceedings.

In the town of Pine Creek a special meeting of the board of town auditors was held on August 23, 1924, at which it was agreed that a tax of sixty-six cents on each $100 of the taxable property of the town should be levied for road

and bridge purposes, and that at the regular meeting of the board no action was taken in reference to road and bridge taxes. It does not appear that there was any written consent at any time, even at the special meeting. The record of the town of Eagle Point is the same, except that the special meeting was held on August 29.

In the town of Nashua, at a special meeting on August 28, consent was given to a levy of sixty-five cents on each $100, and at the regular meeting of the board of town auditors on September 2 the record was signed by Percy L. Fruin, supervisor, J. C. Bemis, and D. J. Andrews, town clerk. After these signatures appears the following: "Written consent of the board of auditors to the extension of a greater rate of road and bridge taxes than 50c on each $100 valuation." If this could be regarded as a writing of the board of town auditors it does not authorize the levy of a tax of sixty-six cents on the $100. The record shows that the levy in this town was sixty-five cents, but the record does not purport to authorize a levy for this amount or any other definite amount.

As to the town of Dement, it was stipulated and agreed that at a special meeting of the board of town auditors held on August 28, 1924, a levy of sixty-six cents on each $100 was authorized; that at the regular meeting of the board held on September 2 the record, after showing that the supervisor, town clerk, two justices of the peace and the commissioner of highways were present, states: "Meeting called to order by the chairman, Chas. Davy. Minutes of the last regular meeting, also record of the special meeting August 28 read, and on motion duly made, seconded and carried the minutes were approved as read. The auditors next examined the road and bridge account, the supervisor's town fund and the Dement town hall fund, and found the same to be correct to the best of their knowledge and belief; next the road and bridge levy. Following is a copy of road and bridge tax levy as determined by John Colwill,

highway commissioner of the town of Dement for the year
A. D. 1924:

" 'STATE OF ILLINOIS }
   COUNTY OF OGLE.   }  ss.

   " 'The undersigned, highway commissioner of the town of De-
ment, county and State aforesaid, hereby certifies that a regular
meeting of said commissioner held on the first Tuesday in Sep-
tember in the year 1924, to-wit: On the 2d day of September,
A. D. 1924, at the office of the town clerk, for the purpose of de-
termining the tax rate for road and bridge purposes to be certified
by him to the county board, as provided by law, has determined
that the tax rate to be levied upon all the taxable property of said
town of Dement for said purposes shall be 66c on each $100 val-
uation as assessed and equalized for the year A. D. 1924.

   " 'The said commissioner of highways does hereby further cer-
tify that at a meeting of the board of town auditors of said town
of Dement, by a certain instrument of writing signed by the ma-
jority of said board of town auditors at a special meeting held
on the 28th day of August, A. D. 1924, and to him delivered, con-
sent to a levy and extension of a greater rate of taxes for road
and bridge purposes in said town than 50c on each $100 valuation,
to-wit: To the extension and levy of a rate of taxes in said town
for said purposes of 66c on each $100 valuation, and fixed the
amount of said additional taxes at $2400, with consent in writing
of said board of town auditors being hereto attached.

   " 'The said commissioner of highways does hereby further cer-
tify that at a regular meeting held at the office of the town clerk
on the first Tuesday (being the 2d day) of September, A. D. 1924,
he determined that the amount of money necessary to be levied
for road and bridge purposes by taxation for the purpose of con-
struction, maintenance and repair of roads and bridges in said
town of Dement for the year A. D. 1924 is $10,000, and it is hereby
directed that that amount of money, or so much or such part
thereof as may be approved by the county board of said Ogle
county, be and the same is hereby levied for road and bridge taxes
against all the taxable property of said town for the year A. D.
1924.' "

The certificate concludes with a statement, separately,
of the several amounts levied for the various purposes, ag-
gregating $10,000.

In the town of Flagg the record shows that at a special
meeting of the board of town auditors on August 28 con-
sent was given to the levy of sixty-six cents on each $100

for road and bridge purposes, and the record of the regular meeting shows as follows: "The said commissioner of highways does hereby further certify that at a regular annual meeting held at the office of the town clerk on the first Tuesday (being the 2d day) of September, A. D. 1924, he determined that the amount of money necessary to be raised by taxation for the purpose of construction, maintenance and repair of roads and bridges in said town of Flagg for the year A. D. 1925, is twenty-two thousand five hundred dollars; and it is hereby directed that the said amount of money, or such part thereof as may be approved by the county board of Ogle county, be and the same hereby is levied for road and bridge taxes against all of the taxable property of said town for the year A. D. 1924." The certificate concludes with a statement, separately, of the several amounts levied for the various purposes, aggregating $22,500.

In the town of Pine Rock a special meeting of the board of town auditors was held on August 2 and consent was given to a levy of sixty-two cents on each $100. At the regular meeting on September 2 the record shows the highway commissioner was present and levied a tax of sixty-two cents on each $100 assessed valuation of the town for road and bridge maintenance, the above rate having been approved on August 22, 1924, by the board of auditors. No written consent at any time signed by a majority of the board of town auditors is shown.

The record as to the town of Forreston shows that sixty-five cents on the $100 was authorized by the board of town auditors at a special meeting held August 22, and that at the request of the State's attorney leave was granted to amend the record of the regular meeting in September, but the record does not show that this amendment was ever made or that any consent in writing was ever given.

As to the towns of Buffalo and Mt. Morris, the appellant concedes that the record shows that the consent of the

board of town auditors was given to the excess tax at the regular September meeting.

Tested by the rules announced in the decisions which have been cited earlier in this opinion, the record shows that no consent in writing signed by a majority of the board of town auditors was secured at the regular meeting on September 2 in any of the towns. When it is borne in mind that a compliance with the statute requires that official action of the majority of the board of town auditors must appear in the record of an official meeting showing that a consent in writing signed by a majority of the board was then given to the levy of the additional tax, it is manifest that in none of the towns was the statute complied with. In the two towns where the certificate of the highway commissioner is set out in the record it appears that the consent was given at a special meeting on August 28, and all of the cases have held this to be insufficient. The fact that the town clerk certified that he had made a levy of the amount authorized at a meeting of the board of town auditors does not help the matter, even though the town auditors were all present and consented, unless such consent was in writing, signed by a majority of them; and this official action can be shown only by the record. The record simply shows an effort to substitute in place of the evidence of consent required by the statute, other evidence which the statute does not authorize.

The objections should have been sustained to the excess of taxes above the rate of fifty cents on the $100 in all the towns except Buffalo and Mt. Morris.

The judgment is affirmed as to the towns of Mt. Morris and Buffalo, and it is reversed and the cause remanded, with directions to sustain the objections as to the other towns and render judgment for the taxes at the rate of fifty cents on the $100.

*Reversed in part and remanded, with directions.*