The collector of Ogle county applied to the county court at the June term, 1924, for a judgment against the property of the Chicago, Burlington and Quincy *Page 538 
Railroad Company and an order of sale for delinquent taxes levied in 1923. The railroad company filed objections to the road and bridge taxes for the towns of Oregon, Pine Creek, Buffalo, Eagle Point, Dement, Flagg, Pine Rock, Nashua, Mt. Morris, Lincoln, Forreston, White Rock and Scott because the taxes were levied in a lump sum for road and bridge purposes instead of stating separately the several amounts to be levied for various purposes, as required by section 50 of the act of 1913 to revise the law in relation to roads and bridges. The railroad company also objected to all the road and bridge taxes in excess of fifty cents on each $100 valuation of the taxable property levied in the towns of Pine Creek, Buffalo, Eagle Point, Dement, Flagg, Pine Rock, Nashua, Mt. Morris, Lincoln, Forreston, White Rock and Scott because consent was not obtained for the levy of such excess from the respective boards of town auditors, as required by law. At the October term, 1925, the objections were overruled except as to the excessive levy in the following towns in the amounts stated: White Rock, $203.56; Dement, $94.60; Pine Creek, $202.41; Eagle Point, $90.60; Buffalo, $181.47. As to these amounts the objection was sustained and judgment was rendered for all other taxes, with penalties, interest and costs, as provided by the statute, and a sale of the railroad company's property was ordered, from which it appealed.
It was stipulated that all the certificates of levy for road and bridge taxes made by the commissioners of highways of the towns named were for a lump sum for all purposes and not itemized, as required by the statute. The failure to comply with the provisions of the statute made this levy invalid.People v. Illinois Central Railroad Co. 34 Ill. 373; People v.Chicago, Terre Haute and Southeastern Railway Co. 315 id. 589.
By an act of the legislature approved June 20, 1925, it was enacted: "In all cases where in any town a tax for *Page 539 
road or bridge purposes has been heretofore and prior to the passage of this act levied and the commissioner of highways of such town has not itemized such tax as provided by part 'b(3)' of section 50 of 'An act to revise the law in relation to roads and bridges,' approved June 27, 1913, as amended, such tax, if otherwise legal, is hereby declared valid." (Laws of 1925, p. 545.) The appellee claims that by this act the levy was made valid, while the appellant claims that the act was beyond the legislative power. Where there is no constitutional prohibition there can be no question of the power of the legislature to validate by a curative act any proceeding which it might have authorized in advance. (People v. Wisconsin Central RailroadCo. 219 Ill. 94; People v. Illinois Central Railroad Co.
301 id. 288; People v. Sandberg Co. 282 id. 245.) In the case of People v. Wisconsin Central Railroad Co. supra, the county board attempted to levy a county tax but did not specify the particular purposes for which the tax was levied. On February 28, 1905, the legislature passed an act for the purpose of curing the defect in levies in this and other cases. Upon application of the collector to the county court for judgment at the June term, 1905, judgment was refused, but this court reversed the judgment, holding that the legislature might have authorized the levy in this manner, that no vested right of the tax-payer was interfered with, and the curative act had the effect to render the taxes legal and valid.
The appellant contends that the failure to state separately the several amounts to be levied for the various purposes mentioned in the statute was a defect in the levy incapable of cure by legislation, and cites the case of People v. WabashRailway Co. 311 Ill. 579, in support of its contention. In that case was involved the effect of a curative act purporting to validate taxes levied by highway commissioners in excess of fifty cents on the $100 valuation without having obtained the consent of the board of town *Page 540 
auditors, as required by the statute, and the court, holding the act invalid, said: "The power of the legislature to validate a tax by a curative act is limited to the case of irregular exercise of power, and it cannot make valid proceedings which were void, which would be equivalent to levying a tax by the curative act. There was not a mere irregular exercise of power but an absence of the essential requirement of official action, and the written consent could not be supplied by a curative act." It is true that we said inPeople v. Cleveland, Cincinnati, Chicago and St. Louis RailwayCo. 314 Ill. 455: "We have held in many cases that where a statute authorizing a tax levy for several purposes requires the amount for each purpose to be stated separately, a failure to comply with such requirement is not a mere irregularity but a fatal omission, which makes the levy void." We cited cases decided before that decision and the same statement has been made since. (People v. Chicago, Terre Haute and SoutheasternRailway Co. 315 Ill. 589; People v. Wabash Railway Co.
316 id. 403.) In each of the cases the word "invalid" would have been more accurate than "void," but in none of them was the effect of a curative act involved. In answer to a similar claim made in the case of People v. Wisconsin Central Railroad Co.supra, in connection with the previous decision of Chicago,Burlington and Quincy Railroad Co. v. People, 213 Ill. 458, it was said: "Section 191 of the Revenue act is curative and prospective, and provides that in tax proceedings no tax shall be considered illegal on account of errors or informalities in the proceedings not affecting the sub-stantial justice of the tax. What was said with reference to the tax in the case referred to related to the question whether it was within the prospective curative provisions of that section. The defect in that case and in this one did not come within the curative provisions of that section, but it does not follow that the defect was not cured by the retrospective act of 1905." *Page 541 
At the time of the attempted levy of the tax in question three things were necessary to be done to make it valid: The highway commissioner had to itemize the tax; (Road and Bridge act, sec. 50;) a proper certificate of an itemized levy had to be filed with the county clerk; and the certificate of the tax as itemized had to be passed upon by the county board. (Road and Bridge act, sec. 56.) It is contended by appellant that while the legislature may have had power to waive the approval of the county board and to waive the filing of a proper certificate it did not do so, and that the validating act, as passed, only validated the irregular act of the highway commissioner and did not validate or attempt to validate the irregularity of the certificate or the irregular act of the county board in acting upon an unitemized certificate. Whenever a statute is susceptible of two constructions, one of which will give effect to and the other nullify its provisions, courts will so construe it as to effectuate the legislative purpose rather than to nullify it. (Yeadon v. Clark, 276 Ill. 424; People v. Price, 257 id. 587; People v.Hinrichsen, 161 id. 223.) It is evident that in no case where the highway commissioner did not itemize the tax in accordance with the provisions of section 50 of the act could there be a compliance with the provisions of section 56. We must therefore construe the act of June 20, 1925, as meaning that in all cases where in any town a tax for road or bridge purposes had been theretofore levied and the commissioner of highways of the town had not itemized such tax as provided by section 50 of the Road and Bridge act, such tax, if otherwise legal, is valid whether the provisions of section 56 with reference to itemization had been complied with or not. Any other construction would entirely nullify the act of June 20, 1925.
The appellant contends that if its property is held delinquent and subject to the penalty imposed by the statute for such delinquency, the curative act is an ex post facto law and therefore unconstitutional. The term "ex post *Page 542 facto law," is a technical expression which is confined to laws respecting criminal punishments and has no relation to retrospective legislation of any other description. (Calder v.Bull, 3 Dall. 386; Baltimore and Susquehanna Railroad Co. v.Nesbit, 10 How. 395; Johannessen v. United States,225 U.S. 227.) Neither the Federal nor the State constitution prevents the passage of retrospective laws respecting civil rights and liabilities not existing by contract and not vested rights of property. (Brearley School v. Ward, 201 N.Y. 358; Durrett v.Davidson, 93 S.W. (Ky.) 25.) As was said in the case of People
v. Illinois Central Railroad Co. 301 Ill. 288, the appellant owed the same duty to pay its road and bridge taxes as other property owners in the township, and it only escaped taxation through the negligence of the public officers. It has no vested right to immunity from the payment of either of its taxes. In this case the taxes were originally due in the spring of 1924. At that time, by reason of the failure of the highway commissioner to comply with the provisions of section 50, the taxes were invalid and appellant was under no legal obligation to pay the same or to pay a penalty of one per cent per month for a failure to pay them, but when the validating act of 1925 went into effect, on July 1, 1925, it then became the duty of appellant to pay the taxes at once; and the fact that the county judge of the county died, so that no hearing could be had upon appellant's objections to the tax for some considerable time, could in nowise affect that duty. We can perceive no reason why appellant should be relieved from the penalty for a failure to pay these taxes immediately after July 1, 1925. There was no legal obligation to pay them before that time, and consequently no delay for which a penalty could be assessed prior to July 1, 1925.
The obtaining of the written consent of a majority of the board of town auditors at its regular meeting on the first Tuesday in September is a condition precedent to the extension of the road and bridge tax at a rate exceeding *Page 543 
fifty cents on the $100 valuation. (People v. Chicago andEastern Illinois Railway Co. 319 Ill. 163; People v. Chicagoand Eastern Illinois Railway Co. id. 171.) That consent is an official act representing the judgment and consideration of the board of town auditors in its official capacity, which must necessarily be exercised at an official meeting, and the evidence of it to be filed with the town clerk must be in writing and must be the writing of a majority of the board. (People v. Wabash Railway Co. 311 Ill. 579; People v. Chicagoand Eastern Illinois Railway Co. 306 id. 402.) The court sustained this objection as to the towns of White Rock, Dement, Pine Creek, Eagle Point and Buffalo and overruled it as to the other townships. The appellant concedes that the consent was properly given in the towns of Flagg, Scott and Nashua, and in its reply brief states that the amendment allowed by the court to the record of the meeting of the board of town auditors of the town of Lincoln showed its consent, but contends that it was error to allow this amendment. The amendment was in accordance with section 191 of the Revenue act.
The record of the meeting of the board of town auditors kept by the town clerk of the town of Mt. Morris was as follows: "The undersigned highway commissioner hereby certifies that at a regular meeting of said commissioners held on the first Tuesday in September, being the 4th day, for the purpose of levying the tax rate to be certified to the county board, did determine that the rate of tax necessary to be levied upon all the taxable property of said town be 66c on each $100 valuation for the year 1923, and do hereby certify that at a regular annual meeting held on the first Tuesday of September, 1923, the same being the 4th day of September, 1923, said board has determined that the amount of money necessary to be raised by taxation for the year 1923 for the proper construction and maintenance of roads and bridges in the town of Mt. Morris, Illinois, will amount to the sum of $25,000, to be levied against all *Page 544 
the taxable property of said town, as assessed for the year 1923. Witness my hand this 1st Tuesday of September, 1923, the same being the 4th day of said month."
The record of the meeting in the town of Pine Rock merely showed that the highway commissioner was present and levied a tax of sixty-six cents on each $100 valuation, the above rate having been approved on September 1, 1923, by the board of town auditors.
The record of the town of Forreston shows that at a special meeting on September 2 the board of auditors consented to a levy of sixty-six cents on each $100 valuation of the taxable property for road and bridge purposes, and that on September 4 there were present the commissioner, the town clerk and the supervisor, and that it was decided to fix a rate at sixty-six cents on each $100 and the amount at $19,000.
None of these records show a consent in writing signed by a majority of the board of town auditors at the meeting on the first Tuesday in September, and the objections to the excess of the road and bridge tax over fifty cents on the $100 in these towns should have been sustained.
The judgment is reversed as to the towns of Mt. Morris, Forreston and Pine Rock and remanded to the county court, with directions to enter judgment for the amount of the tax at the rate of fifty cents on the $100 valuation. The judgment is reversed as to the road and bridge taxes for the towns of Oregon, Pine Creek, Buffalo, Eagle Point, Dement, Flagg, Pine Rock, Nashua, Mt. Morris, Lincoln, Forreston, White Rock and Scott and remanded to the county court, with directions to enter judgment for the amount of the taxes, with penalties after July 1, 1925, and without penalties prior to that time. In all other respects the judgment is affirmed.
Reversed in part and remanded, with directions. *Page 545