(No. 21293.—

THE PEOPLE *ex rel.* Sterling D. Schrock, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed June 24, 1932.*

DIXON, DEVINE, BRACKEN & DIXON, and LOWELL HASTINGS, for appellant.

MARK C. KELLER, State's Attorney, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

This appeal is from a judgment of the county court of Lee county overruling objections to an additional road and bridge tax levied for Ashton township. The only point involved is whether the consent of the board of town auditors was obtained to the additional levy in the manner and time required by law.

The record here shows that a regular meeting of the board of town auditors for the town of Ashton was held on September 2, 1930, that being the first Tuesday in September, as provided by statute. Jesse P. Jordan, highway

commissioner, attended this meeting and requested the board's consent to levy a greater rate than twenty-five cents on the $100 valuation. Previous to the regular meeting, Jordan, on August 26, 1930, made out and signed a request for consent to levy an additional eight cent tax. He testified that he signed this request on the day it was dated but that it was actually presented to the board at its regular meeting on the second day of September. His testimony is corroborated by the minutes of the regular meeting held on September 2, which show that all members of the board of town auditors were present; that the commissioner of highways appeared at the meeting "and requested the consent in writing of said auditors to levy a greater rate than twenty-five cents on each $100 valuation of the property of said town for road and bridge purposes for the year 1930 and for the determination of the amounts of such additional tax. After considering said request it was moved by W. F. Hawthorn and seconded by J. W. Griese that said board of auditors consent to said commissioner levying an additional rate of eight cents on each $100 valuation of the taxable property of the said town for road and bridge purposes for the year A. D. 1930, and that the said board execute proper consent in writing for such additional levy, as required by law." The record further shows that the highway commissioner's certificate of the levy of the twenty-five cent rate, together with the additional rate of eight cents on each $100 valuation, was duly executed under date of September 2, 1930, and that the written consent of the board of town auditors to the extension of the additional rate of eight cents was also duly executed by all four members of the board of town auditors on September 2, 1930.

An error was made by the town clerk in filling out the first part of the written consent of the board by inserting the date of August 26, 1930, to correspond with the date shown upon the written request of the commissioner of highways, but the consent itself was dated and signed on

September 2, 1930, as shown not only by the certificate itself but by the official record of the proceedings of the town board kept by the town clerk. The evidence here shows that the regular meeting of the town board was held on the first Tuesday in September, as provided by statute, and while the minutes of the clerk failed to show that a vote was taken on the motion made to extend the additional rate, this omission was corrected by the filing of the written consent signed by all four members of the board, which recites that "after considering such request from said commissioner and after the question had been submitted to a vote of said auditors at said meeting, and it appearing from such vote that a majority of said board of auditors voted in favor of authorizing said commissioner to extend a greater rate than twenty-five cents on each $100 valuation for road and bridge purposes of said town, did vote to authorize said commissioner to levy an additional rate of eight cents on each $100 valuation in addition to twenty-five cents, making a total rate of thirty-three cents on each $100 valuation of the taxable property of said town of Ashton for the year A. D. 1930 for road and bridge purposes," etc.

The facts in this case are similar to those in *People* v. *Chicago and Eastern Illinois Railway Co.* 326 Ill. 354. There an objection to the road and bridge tax was that an additional rate of sixteen cents was based on the written consent of the board of town auditors dated August 27, 1925, and purported to be authorized at a special meeting of the board held on that date. The town clerk's official record there showed that a special meeting of the board of town auditors was called for August 27, and also showed that a regular meeting of the board was held on September 1, the correct day. At the regular meeting on September 1 the consent of the board of town auditors was given to the extension of the additional rate of sixteen cents and a written consent was signed by all the members of the board on that date. It was there held that where the

town clerk's record—the only competent evidence of the action of the board—showed that the consent of the board of town auditors was given at its meeting on September 1, it was immaterial that the commissioner in his certificate stated the wrong date of the giving of such consent and that the objection to the excess tax should have been overruled.

The cases cited and relied upon by appellant are mainly those where the consents to the excess taxes were not legally given. Thus, *People* v. *Chicago and Eastern Illinois Railway Co.* 319 Ill. 163, is a case where "the only consents in writing of the boards of town auditors of the several towns authorizing the extension of a rate in excess of fifty cents were those obtained by the respective commissioners on dates prior to the first Tuesday in September." In that case it was properly held that there was no statute authorizing the extension of the additional rate unless the commissioner obtained the consent in writing of the board of town auditors on the first Tuesday in September. Likewise in *People* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 322 Ill. 78, the consents were obtained at special meetings of the different boards prior to their regular meetings rather than at the time required by statute. The law authorizes no other meeting except on the first Tuesday of September at which consent may be given. The record here affirmatively shows that the written consent of all four members of the board was obtained on the first Tuesday of September authorizing the levy of the additional eight cent rate. The levy was therefore made in the manner and time required by law, and the objections of the appellant were properly overruled by the trial court.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*