(No. 33793.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* R. K. HOLMSTROM, Appellant.

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

JOHN CHIVARI, of Aurora, for appellant.

JOHN C. FRIEDLAND, State's Attorney, of Elgin, and ROBERT W. QUALEY, of Geneva, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The People, by the State's Attorney, filed an action in debt in the county court of Kane County against R. K. Holmstrom, defendant, to recover delinquent personal property taxes for the years 1947, 1948, 1950, 1951, 1952 and 1953. After defendant filed a plea of *nil debet* supported by an affidavit, the court heard evidence in the matter, then, on June 23, 1955, entered judgment for plaintiff as prayed. Since the revenue is involved defendant has appealed directly to this court for review.

The defenses raised by defendant's plea were: (1) that publication of the assessment lists for each year had not been accomplished within the time provided in section 103 of the Revenue Act of 1939, as amended, and (2) that the requirements of section 170 of the same act, relative to collector's warrants, were not met. (See: Laws of 1939, pp. 925-926 and 949, respectively.) The question of the merit of such defenses is embodied in the errors assigned in this court, defendant contending that the omissions complained of operated to deny him due process of law as guaranteed by State and Federal constitutions.

During the years in question, section 103 of the Revenue Act, as it applied to Kane County, provided for the publication of personal property assessments on or before July 10 during the years 1947, 1948 and 1950, and on or before August 10 during the years 1951, 1952 and 1953. (See: Ill. Rev. Stat. 1947, chap. 120, par. 584; Ill. Rev. Stat. 1953, chap. 120, par. 584; and par. 584 of intervening statutes.) Publication was made for the years involved in this proceeding as follows:

| | |
|---|---|
| 1947—August 16 | 1951—September 21 |
| 1948—August 26 | 1952—August 30 |
| 1950—August 15 | 1953—August 29 |

Delay in publication, it appears, was occasioned in each instance by the failure of township assessors to make timely delivery of assessment books to the supervisor of assessments as provided in section 94 of the Revenue Act of 1939. See: Laws of 1939, pp. 922-923.

The issue raised by the error assigned here is whether the failure to publish the lists within the time prescribed by statute rendered the assessments void. It is the contention of defendant that the publication requirement of section 103 is a mandatory one for the protection of the taxpayer and, under authority of *People* v. *Jennings,* 3 Ill.2d 125, that noncompliance vitiates the tax. We find, however, that a validating act, approved and made effective May 21, 1955, and thus prior to the judgment in this cause, was enacted by the 69th General Assembly to provide that all real and personal property assessments for the year 1954 *and for all years prior thereto,* as provided in the Revenue Act of 1939, as amended, are validated for all purposes of taxation notwithstanding that the publication of the assessments was not made as provided by statute. (Laws of 1955, p. 175; Ill. Rev. Stat. 1955, chap. 120, par. 823.) Without more the defense relied upon by defendant may be held for naught. He contends, however, that the validating act itself is void and, in support of his position, urges that the General Assembly has power to validate by curative act only in the case of irregular or defective exercise of authority and that it cannot, in such manner, make a void proceeding valid.

While the argument of defendant may approximate a true statement of law, it is inapplicable to the validating act in question. The general rule is that in the absence of a constitutional prohibition the legislature may validate by a curative act any proceeding which it might have authorized in advance. (*People ex rel. Price* v. *Wisconsin Central Railroad Co.* 219 Ill. 94.) As applied to tax legislation, the rule has been interpreted to mean that the legisla-

ture has the power to pass an act curing a defect in a tax levy when the defect consists of the failure to observe some requirement of the law without which the legislature might have authorized the levy to be made. Thus, in the absence of constitutional requirements to the contrary, it has been held authority existed to cure the defect of failing to publish an appropriation ordinance, (*People ex rel. Stuckart* v. *Sandberg,* 282 Ill. 245,) the defect of failing to itemize a tax as required by statute, (*People ex rel. County Collector* v. *Chicago, Burlington and Quincy Railroad Co.* 323 Ill. 536; *People ex rel. Andrew* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 324 Ill. 43,) and defects which stood in the way of a city council to act in the capacity of highway commissioner in levying road and bridge taxes. *People ex rel. Koehler* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 349 Ill. 476.

Looking to the present case, it is clear there is no constitutional requirement that tax assessment lists be published. Likewise, there seems to be little question that the legislature has the power to require or waive their publication as it sees fit. This was the effect of *Grant Land Association* v. *People ex rel. Hanberg,* 213 Ill. 256, where this court applied a statute which provided that the failure to publish tax assessments in any of the modes provided by statute did not constitute a valid objection to the tax. The latter case was cited with approval in *People* v. *Jennings,* 3 Ill.2d 125, upon which defendant relies and in which a failure to publish was held to void the tax. The *Jennings case,* however, may be distinguished both from the present case and the *Grant case* in that there was neither a validating act nor a statute to provide against the failure to publish the assessments. Under the facts, therefore, the principle of the cases previously discussed is the one to be applied here and we conclude that inasmuch as the legislature had the power to permit the levy of the taxes without requiring the assessments to be published, it was likewise within its

power to cure irregularities in publication by the validating act.

Nor does the fact that publication of the assessments is waived constitute a denial of due process of law. Under comparable circumstances arising in *Dietman* v. *Hunter,* 5 Ill.2d 486, we stated that the requirements of due process are satisfied by a law which affords an opportunity to be heard with respect to assessments before the board of review. In this case the Revenue Act provided for such hearings as did the rules of the board of review.

The second defense relied upon by defendant relates only to that part of the judgment embracing taxes levied for the years 1947, 1948 and 1950. During the years in question section 170 of the Revenue Act made the following provision: "To each collector's book a warrant, under the hand and official seal of the county clerk, shall be annexed, commanding the collector to collect from the several persons named in said book the several sums entered in the column of totals opposite their respective names." (Ill. Rev. Stat. 1947, chap. 120, par. 651.) In 1947, 1948 and 1950, the "collector's book" for the township in which defendant resided consisted of 27 volumes. A warrant of the county clerk was attached to the first of the volumes for each year, in which defendant's assessments did not appear, but none was affixed to the remaining volumes. The failure to attach a warrant to the books in which his assessments appeared is urged by the defendant as making the present proceeding to collect null and void.

This is an action in debt instituted in the name of the People by the State's Attorney. It has long been held that distraint by the collector is not an exclusive remedy, and that a delinquent personal property tax, being a personal liability, may be collected in an action for debt. (*Town of Geneva* v. *Cole,* 61 Ill. 397; *People ex rel. Carr* v. *Chicago and Northwestern Railway Co.* 322 Ill. 150; *People ex rel. McDonough* v. *Chicago, Milwaukee, St. Paul*

*and Pacific Railroad Co.* 354 Ill. 438.) In such an action the return of the collector that the taxes are delinquent is made *prima facie* evidence that they are due and unpaid, but if for any reason the return should be excluded, the liability of the taxpayer and the right of the taxing authority to recover may be shown by proving a valid assessment, the levy by competent authority, the extension of the taxes by proper officers, and their nonpayment. (*Ottawa Gas Light and Coke Co.* v. *People,* 138 Ill. 336, 345.) All of these elements from which defendant's personal liability stems are admitted or proved in the record before us. Indeed, defendant does not claim the assessments, levies and extensions were invalid, but contends only that the failure to attach a warrant to the books in which his assessments were recorded operates to bar this proceeding to collect them. Such a contention must be held to be without merit in view of the fact that the annexing of a collector's warrant is a condition precedent neither to the personal liability which has arisen by virtue of assessment, levy, and extension, nor to the right of the People to enforce such liability in an action of debt.

The judgment of the county court of Kane County was correct and is hereby affirmed.

*Judgment affirmed.*