NEIL ANDREWS *et al.*, Plaintiffs-Appellees, *v.* CHARLES P. FOXWORTHY, ex-officio County Collector of Vermilion County, Defendant-Appellant.

Fourth District    No. 13271

Opinion filed November 18, 1976.

SIMKINS, P. J., dissenting.

Richard J. Doyle, State's Attorney, of Danville (Thomas E. Brannigan, Assistant State's Attorney, of counsel), for appellant.

Manion, Janov & Edgar, Ltd., of Hoopeston (Rick F. Janov, of counsel), for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiffs, 408 in number, brought suit in the circuit court of Vermilion County against defendant, Charles P. Foxworthy, ex-officio county collector of that county, seeking refunds for taxes for the year 1972 paid by them upon various tracts of real property in the county. After a hearing upon stipulated facts, the circuit court found in favor of the plaintiffs as to the refunds sought on all tracts except those in Butler and Oakwood Townships and ordered refunds accordingly. Defendant appeals.

The refunds sought by the successful plaintiffs were for the amounts by which the taxes levied against the various tracts had been increased because of increases in assessments on those tracts made by the county supervisor of assessments. The trial court ruled the increase in these assessments to be void because no timely publication of the increase in the assessments had been given as required by section 103 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 584), which provides in part:

"In years other than years of a quadrennial assessment of real property, the assessor, supervisor of assessments or board of assessors, as the case may be, shall publish the assessment of personal property in full and a list of real estate for which assessments have been added or changed since the last preceding assessment, together with the amounts of the assessments on such real estate. *Such publication shall be made on or before July 10, of that year in counties with less than 150,000 inhabitants* \* \* \* and shall be printed in some public newspaper or newspapers published in the county; or shall be mailed to every person in that township, or in counties not under township organization, in that county paying taxes upon personal property \* \* \*." (Emphasis added.)

The parties stipulated that: (1) 1972 was not a quadrennial assessment year; (2) after July 10, 1972, but before October 28, 1972, publication in proper form was made; (3) Vermilion County, at all times, had less than 150,000 inhabitants, and (4) the county board of review was in session until January 6, 1973. The parties also stipulated that after July 10, 1972, but prior to the publication, the county supervisor of assessments mailed to plaintiffs a notice advising them that their assessment had been increased and also advising that they had ten days from the "date of publication" in a stated newspaper to file a complaint in writing with the board of review.

The case most nearly in point is *People v. Jennings* (1954), 3 Ill. 2d 125, 119 N.E.2d 781. There, in a county of less than 150,000, the supervisor of assessments failed to make publication of the assessments of personal property for the year 1951 as was then and is now required by section 103. When sued for payment of personal property taxes for that year, the defendant taxpayer defended on the ground that the failure to make publication voided this tax. On appeal, the supreme court agreed and ruled the tax to be void. The case involved the assessment of personal property rather than realty as here. The general assessment scheme of the Revenue Act and the wording of section 103 clearly show, however, that the publication requirements for increased assessments of real estate are the same as those for personal property assessments.

■■ The *Jennings* court explained that the purpose of the publication is to afford the taxpayer "an opportunity to ascertain whether the assessment is excessive or disproportionate" (3 Ill. 2d 125, 128, 119 N.E.2d 781, 783), and that strict compliance with such publication or other notice requirements of assessment procedure is usually required. The court then stated, "In view of its nature, therefore, the requirement is *prima facie* mandatory rather than directory, and failure to comply will vitiate the tax

unless a contrary legislative intent is otherwise manifested." 3 Ill. 2d 125, 128, 119 N.E.2d 781, 783.

In examining the legislative intent, the court noted that a provision of section 306 of the Revenue Act (Ill. Rev. Stat. 1939, ch. 120, par. 587) stating that failure to publish would not be a valid tax objection had been deleted in 1941. The court also noted that section 235 of the Act (Ill. Rev. Stat. 1953, ch. 120, par. 716) then provided (as it does now) that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

■■ In concluding that section 235 was not applicable and did not validate the tax, the court further said that the section was applicable "only where there has been an attempt to comply with the law but the attempt is not effective on account of some informality or clerical error. (*People ex rel. Wangelin v. City of St. Louis*, 367 Ill. 57, 68-69.) In the case at bar no attempt whatsoever was made to comply with the requirement, and the record discloses no reason why it was disregarded." 3 Ill. 2d 125, 129-30, 119 N.E.2d 781, 783.

Defendant maintains that *Jennings* is not applicable to the instant case because here publication, although tardy, was made and written notice of the increased assessments was sent to plaintiffs. We do not interpret the ruling in *Jennings* as being applicable only if no publication is given at any time. Rather, we interpret the case to hold that the publication requirements must be strictly followed and that failure to do so will defeat the increased assessment and tax levy thereon unless the error is excused by section 235.

The opinion in *Jennings* does not indicate that the taxpayer is required to show that he was prejudiced by the failure to comply with the publication requirements. Rather, the opinion indicates that the collector of the tax has the burden of showing that the error is excused by section 235 unless such excuse is apparent from the circumstances.

■■ The taxpayers' remedy, if the increased assessment is excessive or disproportionate, is to file complaint with the board of review of the county and seek a reduction. (*People ex rel. Ball v. Anderson* (1961), 21 Ill. 2d 396, 172 N.E.2d 760.) Section 108(4) of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 589(4)) at all times pertinent provided that in counties of less than 150,000 inhabitants a complaint must be filed with the board of review on or before August 1 unless the assessment books are not filed with the board of review on or before July 20 of that year. In that event, complaints may be filed within ten days after the books are filed. Here, no showing was made as to whether the books were filed by July 20

or whether they were filed at all. If the books were filed by July 20 so that the complaint had to be filed with the board of review by August 1, a publication that occurred much after July 10 would have been of little aid to a taxpayer.

■■ Defendant stresses that the board of review was in session until January 6, 1973. In *Shappert Engineering Co. v. Weitemeyer* (1966), 34 Ill. 2d 97, 99, 213 N.E.2d 530, 531, a complaint seeking equitable relief against an assessment alleged that the taxpayer had filed a complaint with the board of review while the board "'was receiving complaints by mail' and 'at the time in which the Board * * * was in session for the purpose of hearing complaints.'" The court ruled the allegations insufficient to show a timely filing of complaint with the board of review. The taxpayer's right to file a complaint does not continue merely because the board of review continues to sit.

■■ Defendants claim that the written notice was sufficient to validate the tax. If sufficient timely written notice was given, due process requirements would have been met. (*People v. Holstrom* (1956), 8 Ill. 2d 401, 134 N.E.2d 246.) Section 103, however, requires notice by mailing "in addition to the publication," clearly indicating that, as far as statutory compliance is concerned, proper mailing is not a substitute for publication. Moreover, here the record indicates that the mailed notice informed the taxpayers that they had "ten days from the date of publication" in a stated newspaper to file a complaint with the board of review. The notice incorrectly advised the taxpayers of their rights and could have lulled them into a belief that they could file complaints with the board of review beyond the time permitted by statute.

In a motion to reconsider, defendant asked the trial court to take judicial notice of the records of the county board of review that allegedly would show that some of the taxpayers filed complaints with that board. The request was denied and no error is cited in that denial. Accordingly, this information is not before us. No evidence was offered to show that any attempt was made to give timely publication or to explain why no such attempt was made. Under the circumstances shown by the stipulation, we cannot determine the reason for the failure to timely publish nor can we determine that the failure did not "affect substantial justice."

The ruling of the trial court in favor of the plaintiffs was proper. We affirm.

Affirmed.

REARDON, J., concurs.

Mr. PRESIDING JUSTICE SIMKINS, dissenting:

The majority opinion relies heavily on the case of *People v. Jennings* (1954), 3 Ill. 2d 125, 119 N.E.2d 781. *Jennings* is distinguishable from the present case. In *Jennings,* there was a complete failure to publish the personal property assessment list. There is no indication in *Jennings* that the taxpayer received actual written notice, which notice was not required by the statute. (Ill. Rev. Stat. 1949, ch. 120, par. 584.) In contrast, in the case at bar, actual written notice of the increases in the real property assessments, required by statute, was given and the assessment list was published, although published late.

Section 235 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 716) is specifically directed towards this kind of problem, that is, errors or informalities of procedure by the officials in the taxing process. Publication is not constitutionally required and could be eliminated altogether by the legislature. Infirmities in publication can even be retroactively eliminated by a curative act. (*People v. Holmstrom* (1956), 8 Ill. 2d 401, 134 N.E.2d 246.) There is a strong public policy behind section 235 that entire assessments should not be declared void due to a technicality when communities depend on these taxes to perform necessary functions of government. In view of that policy, the stipulated fact that plaintiffs received actual written notice, and the fact that plaintiffs did not show any prejudice from the belated publication, I would reverse the ruling of the trial court. The majority opinion states the *Jennings* opinion *indicates* the taxpayers do not have the burden of showing prejudice. In *Jennings* the taxpayers were defendants. Here they are the plaintiffs and no reason appears why they should not carry the burden ordinarily attached to plaintiffs. Accordingly I dissent.