JAMES L. FOX, Plaintiff-Appellant, *v.* EDWARD J. ROSEWELL, Indiv. and as Treasurer of Cook County, Defendant-Appellee.

First District (1st Division)   No. 77-126

Opinion filed December 12, 1977.

Moses, Gibbons, Abramson & Fox, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, James Fox, an owner of real estate in the Village of Wilmette in Cook County, Illinois, brought this class action challenging the constitutionality of sections 224 and 224.1 of the Revenue Act of 1939 (hereinafter referred to as Revenue Act) (Ill. Rev. Stat. 1973, ch. 120, pars. 705 and 705.1). Section 224 requires real estate taxpayers in counties of 1,000,000 or more inhabitants to pay their taxes for 1973 and subsequent years in two installments on an accelerated basis (March 1 and August 1). For counties with less than 1,000,000 inhabitants, section 224 requires the payment of real estate taxes in two installments on an unaccelerated basis (June 1 and September 1). Section 224.1 provides that in counties with less than 3,000,000 inhabitants the respective county boards may adopt by ordinance or resolution the accelerated payments schedule provided for in section 224.

Plaintiff argued at the trial level that sections 224 and 224.1 of the Revenue Act of 1939 were unconstitutional in that they violated the equal protection and due process provisions of the State and Federal constitutions and the special legislation prohibition of the State Constitution. Pursuant to the defendant collector of Cook County's motion, the trial court issued a memorandum order finding sections 224 and 224.1 constitutional and dismissed the taxpayer's complaint.

On appeal plaintiff reiterates his contention that sections 224 and 224.1 of the Revenue Act violate the equal protection and due process provisions of the State and Federal constitutions and the special legislation prohibition of the Illinois Constitution. The defendant collector of Cook County raises the additional issue of whether the plaintiff had an adequate remedy of law thus barring injunctive or declaratory relief.

We affirm.

The undisputed facts alleged in plaintiff's complaint indicate that plaintiff is a taxpayer owning land in Cook County, a county with a population in excess of 1,000,000 inhabitants; that this land is improved with a single-family residence; that the installments of his 1973 real estate taxes were due on March 1, 1974, and September 15, 1974 (due to the fact that the August 1 payment date was extended because of a delay in the mailing of the 1973 bills); that the plaintiff paid both installments of his 1973 taxes on November 26, 1974; that he was required pursuant to section 224 of the Revenue Act to pay a 1% per month penalty of $93.29 for the period March 1, 1974, to November 26, 1974, on the first installment and a similar interest penalty of $32.73 for the period September 15, 1974, through November 26, 1974, on the second installment; and that the entire interest of $32.73 on the second installment and $30.87 of the interest on the first installment are illegal and should be refunded. The latter figures apparently represent the difference between the penalty assessed plaintiff under the accelerated tax payments schedule and the penalty the taxpayer would have paid under the unaccelerated schedule. The complaint also prayed for a refund for similarly situated taxpayers in Cook County, a declaration that section 224 and 224.1 of the Revenue Act are unconstitutional, and a permanent injunction against the collector of Cook County from applying or enforcing section 224 of the Revenue Act.

In rejecting plaintiff's constitutional attack and dismissing his complaint, the trial court took judicial notice of the following facts: that the population of Cook County is approximately one-half of the population of the entire State; that the City of Chicago within the county is by far the largest city in population of any other city in the entire State of Illinois; that the assessed value of property in Cook County is greater than the assessed value of any other county in the State of Illinois; that the cost of education, police and fire protection, sanitation, and other services provided to the people of Cook County is at variance with that of any other county in the State of Illinois; and that the financial needs of providing these services are not only greater, but more urgent, more complicated, and more costly.

■ ■ ■ We first consider defendant's contention that plaintiff is barred from seeking injunctive or declaratory relief because plaintiff had an adequate remedy at law. Defendant points out that section 194 of the Revenue Act provides that all or in part of a real property tax may be protested. (Ill. Rev. Stat. 1973, ch. 120, par. 675.) However, it is well settled that a party may challenge the constitutionality of a statute or an ordinance on its face, without prior resort to related administrative remedies. (*Hill v. Daley* (1975), 28 Ill. App. 3d 202, 328 N.E.2d 142; *People ex rel. Kreda v. Fitzgerald* (1975), 33 Ill. App. 3d 209, 338 N.E.2d

76.) Furthermore, although it is the general rule that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists (*White v. City of Ottawa* (1925), 318 Ill. 463, 149 N.E. 521), a taxpayer may seek equitable relief where the tax is unauthorized by law or levied upon exempt property. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) Defendant argues that even though the plaintiff questions the constitutionality of the statute the questioned tax does not fall within the "unauthorized by law" exception. Defendant cites the following holding in *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 324, 312 N.E.2d 252, 255:

> "The legal remedy by way of payment under protest followed by objections to the application for judgment for delinquent taxes provides an adequate remedy at law wherein the alleged irregularities and violations of plaintiffs' constitutional rights may be litigated and, if warranted, relief granted. This court has held that it is proper to raise constitutional questions arising from alleged improper assessments in this manner. [Citations.]"

The instant case, however, is distinguishable from *La Salle*. In *La Salle* plaintiffs alleged that their taxes were based on excessive assessments and sought a judgment declaring certain assessment procedures invalid. The supreme court concluded in *La Salle* that plaintiffs were simply complaining that their property was assessed at too high a value. The instant complaint questions the constitutionality of sections 224 and 224.1 of the Revenue Act on their face. As such, plaintiff raises the issue of whether the interest penalty assessed him is "authorized by law" and as such he is not barred from seeking equitable relief.

■■ We next consider plaintiff's attack on the constitutionality of sections 224 and 224.1 of the Revenue Act. Plaintiff first contends that these sections are violative of the special legislation prohibition of the State Constitution. The Illinois Constitution provides: "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." (Ill. Const. 1970, art. IV, §13.) Special legislation is that which imposes a particular burden, confers a special right, privilege or immunity upon a portion of the people of the State. If, however, there is a reasonable basis for the classification, and it bears a reasonable and proper relation to the purposes of the act and the evil it seeks to remedy, it does not violate the constitutional proscription of special or local laws. (*Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 281 N.E.2d 317.) Only if a classification is clearly unreasonable and palpably arbitrary will a court declare the statute invalid. (*Du Bois v. Gibbons* (1954), 2 Ill. 2d 392, 118 N.E.2d 295.) A classification is not arbitrary if any state of facts can reasonably be conceived that would sustain it. (*Davis v.*

*Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 336 N.E.2d 881.) Moreover, the burden of proving that a statute is clearly unreasonable or palpably arbitrary is on the one who challenges it. *People ex rel. Vermilion County Conservation District v. Lenover* (1969), 43 Ill. 2d 209, 251 N.E.2d 175.

■■ Applying the above principles to the instant case, we hold that plaintiff has not met his burden of proving that section 224 of the Revenue Act is clearly unreasonable or palpably erroneous. Section 224 of the Revenue Act distinguishes between counties of 1,000,000 or more inhabitants and those with less than 1,000,000 inhabitants. A classification based on population is not objectionable if it is reasonable and bears a rational relationship to the goal which the legislature seeks to accomplish. (*Treece v. Shawnee Community Unit School District No. 84* (1968), 39 Ill. 2d 136, 233 N.E.2d 549.) As stated in *Du Bois v. Gibbons* (1954), 2 Ill. 2d 392, 399, 118 N.E.2d 295, 300:

> "Legislation is not special or local merely because it may operate only in a single place where the condition necessary to its operation exists or because, at the time of its enactment, it can be applied only to one city in the State. [Citations omitted.] There is always a presumption that the General Assembly and its committees acted conscientiously and did their duty in making a survey of the conditions prevailing in the municipalities of the State before enacting the classification legislation and the result will never be nullified by this court on the ground that its judgment might differ from that of the General Assembly. Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will the courts act to hold the classifying enactment invalid."

It is entirely possible that the legislature in adopting section 224 of the Revenue Act concluded that more densely populated counties have a heavier burden of extending real estate tax revenues to meet their increasing expenses. Plaintiff presents no evidence to the contrary and, in the case before us, we will not substitute our judgment for that of the legislature. At the very least, on the basis of the record before us, we cannot say that the classification is clearly unreasonable or palpably erroneous.

Plaintiff, however, notes that sections 224 and 224.1 of the Revenue Act mandate the accelerated payments schedule in Cook County only and permit the county boards of all other counties in Illinois the opportunity to adopt or reject such an accelerated payments schedule. Plaintiff contends that it is the wresting of power from only the Cook County Board which renders the classification based on population irrational. We disagree. Sections 224 and 224.1 of the Revenue Act emanated from Senate Bill 138 which originally addressed itself only to Cook County.

Senate Bill 138 was eventually amended to allow all other counties in Illinois to adopt the accelerated payments schedule if their respective county boards so desired by resolution or ordinance. Plaintiff has attached as an appendix to his brief portions of the transcript of the debate on Senate Bill 138 before amendment. That transcript reflects the following observations of Senator Glass:

> "The purpose of this bill is to bring the tax dollars into the governmental agencies earlier so that they do not run out of money in Cook County. Now, this is a very acute problem in Cook County with the numerous school districts and other local taxing districts. The school districts in particular are forced to buy tax anticipation warrants because of their tax monies do not come in early enough in the year for them to meet their obligations. As a result of having to purchase these tax anticipation warrants virtually millions of dollars are paid out by the taxpayers in interest on those warrants every year."

Two things are clear from Senator Glass' comments on Senate Bill 138: first, Cook County prior to the adoption of the accelerated payments schedule, was faced with an acute financial problem; and second, that this problem could be alleviated by the adoption of the accelerated payments schedule provided in Senate Bill 138. There is no evidence of record indicating that at the time of the adoption of Senate Bill 138 any other county in Illinois had a financial problem as acute as that in Cook County. Under these circumstances it was not clearly unreasonable or palpably arbitrary for the legislature to require the accelerated payments schedule in Cook County in order to alleviate its immediate financial situation and at the same time allow other counties the opportunity to adopt the accelerated payments schedule to alleviate a similar problem should such a problem arise.

■■ Plaintiff also contends that 224 and 224.1 of the Revenue Act are violative of the equal protection and due process provisions of the State and Federal constitutions. The standards used in determining whether a legislative enactment violates the equal protection clause are similar to those involved in determining whether such enactment is "special legislation." (*Mier v. Staley* (1975), 28 Ill. App. 3d 373, 329 N.E.2d 1.) A statute is presumed valid and a party challenging it has the burden of proving it violates one's right to equal protection of the laws or one's right to due process (*People v. Grammer* (1976), 62 Ill. 2d 393, 342 N.E.2d 371), and the facts relied upon to rebut the presumption of constitutionality must be specifically set forth in the complaint. (*Illinois Pure Water Committee, Inc. v. Yoder* (1972), 6 Ill. App. 3d 659, 286 N.E.2d 155.) Legislation is not violative of the equal protection clause even though such legislation differentiates between similarly situated persons if it bears

a rational relationship to a legitimate legislative purpose. (*S. Bloom, Inc. v. Mahin* (1975), 61 Ill. 2d 70, 329 N.E.2d 213.) Similarly, if a law bears a reasonable relationship to a proper legislative purpose and is neither arbitrary nor discriminatory the requirements of due process are met and the courts will not substitute their judgment for that of the legislature. *S. Bloom, Inc. v. Mahin* (1975), 61 Ill. 2d 70, 329 N.E.2d 213, and cases cited therein.

For the reasons already explained, we do not believe that plaintiff has met his burden of proving the unreasonableness or arbitrariness of the legislation and for that reason reject his contention that sections 224 and 224.1 of the Revenue Act are violations of his equal protection or due process rights.

For the foregoing reasons the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.