DONALD S. KENDZIOR, Plaintiff-Appellant, *v.* STANLEY T. KUSPER, JR., Cook County Clerk, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—1925

Opinion filed September 19, 1983.

John J. O'Toole and Tom Scheuneman, both of Carey & Scheuneman, Ltd., and Franklin J. Lunding, Jr., of Biggam, Cowan, Marquardt & Lunding, Chartered, both of Chicago, for appellants.

John H. Hager and David K. Staub, both of Cowen, Crowley & Hager, of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff filed a class action against Stanley Kusper, the clerk of Cook County, and Edward Rosewell, treasurer of Cook County, challenging the constitutionality of a legislative amendment which allowed the clerk to extend levies of certain taxing districts. Defendant Board

of Education of Township High School District No. 211, intervened with leave of court. Defendants' motions for summary judgment were granted and plaintiffs appeal. On appeal, plaintiffs contend the amendment violated the special legislation clause of the Illinois Constitution, and violates their rights to equal protection and due process.

We affirm.

On July 29, 1981, the legislature enacted the Truth in Taxation Act (the Act) (Ill. Rev. Stat. 1981, ch. 120, par. 861 *et seq.*). The Act requires taxing districts to notify the public of and hold hearings on their intentions to adopt aggregate levies which exceed 105% of the amount of property taxes extended or estimated to be extended upon the levy of the preceding year. Defendant Board of Education of Township High School District No. 211 (the Board) filed a tax levy certificate with the county clerk of Cook County, but did not publish notice or hold a hearing because it had determined that its 1981 levy was 104.8% of its 1980 tax extensions. The county clerk found that the levy exceeded 105% and would not extend any amounts which the clerk found exceeded that amount.

The discrepancies in calculations were the result of differing interpretations of the term "aggregate levy" used in the Act. The Board believed this term included debt-service levies whereas the county clerk excluded debt-service levies in calculating the Board's aggregate levy. Thirty-one other taxing districts failed to comply with the Act's notice and hearing provisions because they, too, included debt-service levies in determining their aggregate levies. Thirty-seven other taxing districts violated the Act in other ways.

The Board filed an action against the county clerk seeking to have its entire levy extended. The case was ultimately decided by the Illinois Supreme Court in *Board of Education v. Kusper* (1982), 92 Ill. 2d 333, 442 N.E.2d 179. The court concluded that the term aggregate levy did not include debt-service levies. While that action was pending in the Supreme Court, the legislature amended the Truth in Taxation Act by enacting section 9.1 which is the subject of this appeal. Section 9.1 provides:

"If any taxing district lying wholly within a county having more than 3,000,000 inhabitants, by including debt service levies as a part of its aggregate levy pursuant to the estimating procedure set out in Section 4 of this Act, had a levy prior to January 1, 1982 which was more than 105% of the amount of ad valorem property tax, exclusive of election costs and debt service levies, extended or estimated to be extended upon the levy of the preceding year, such levy shall not be deemed in-

valid due to noncompliance with the provisions of this Act." Ill. Rev. Stat., 1982 Supp., ch. 120, par. 869.1.

After the enactment of section 9.1 the county clerk extended the levies of the 32 taxing districts in Cook County to which section 9.1 applied. The other districts which failed to comply with the Act were not affected by the amendment.

On July 1, 1982, a class action challenging the constitutionality of section 9.1 was filed. The parties filed cross-motions for summary judgment. After a hearing, the trial court granted defendants' motions.

■ On appeal, plaintiffs first contend that section 9.1 violated the constitutional proscription against special legislation in that it discriminates between taxing districts lying within and those outside Cook County.

The special legislation clause of the Illinois Constitution does not prohibit all legislative classifications. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560.) Differential treatment among those similarly situated is permitted if the classification bears a rational relationship to a legitimate legislative purpose. (*Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489; *Anderson v. Wagner; Fox v. Rosewell* (1977), 55 Ill. App. 3d 860, 371 N.E.2d 287.) Before a court can interfere with a legislative enactment, it must appear that there is no fair reason for the law which would require the distinction between units. (*County of Champaign v. Adams* (1978), 59 Ill. App. 3d 62, 375 N.E.2d 184.) A statute will not be considered arbitrary if any reasonable set of facts can be conceived to sustain it. *Fox v. Rosewell.*

Applying the aforementioned principles, we find that section 9.1 does not violate the constitutional prohibition against special legislation. The transcript of the Senate and House debates on the bill indicate that the legislature viewed the problem as one unique to school districts in Cook County. Senator McMillan noted that there was confusion in a number of districts regarding the inclusion of debt-service levies in computing their total levies and that the problem existed primarily in Cook County school districts which were required by law to file their levies in September. Senator Rhoads noted that suburban Cook County districts filed their levies prior to the issuance of the Attorney General's opinion stating that debt-service levies were not to be included. (Illinois Senate, 82d General Assembly, June 22, 1982.) Representative Ewing expressed identical reasons for the amendment during the House debates. Illinois House of Representatives, 82d General Assembly, 125th Legislative Day, June 17, 1982, and 126th Legislative Day, June 18, 1982.

From the debates, it is reasonable to conclude that the legislature acted to cure the harm which Cook County districts would have incurred by a good-faith misinterpretation of the term aggregate levy. Unlike other areas in the State, these taxing districts did not have the benefit of the Attorney General's opinion because their levies were due in September. The opinion, which is included in the record on appeal, was not issued until October 15, 1981. We are aware that the Attorney General's opinion does not have the force and effect of law. (See *Rogers Park Post No. 108, American Legion v. Brenza* (1956), 8 Ill. 2d 286, 134 N.E.2d 292.) However, it was nonetheless instructive to other districts which had the benefit of the opinion. Thus, we find that there was a rational basis for the legislative classification. As noted in *People ex rel. County of Du Page v. Smith* (1961), 21 Ill. 2d 572, 173 N.E.2d 485, wherein the court addressed a special legislation issue:

> "[T]he legislature is not bound to pass one law meeting every exigency, but may consider degrees of evil, and if a law hits the evil where it is most felt, it is not to be overthrown merely because there are other circumstances to which it might have been applied." 21 Ill. 2d 572, 579, 173 N.E.2d 490.

Second, plaintiffs argue that section 9.1 is violative of equal protection because it deprives Cook County taxpayers of the benefits of the Truth in Taxation Act. The standards employed in determining whether a statute violates equal protection are similar to those used in determining whether the statute violates the special legislation clause. (*Fox v. Rosewell* (1977), 55 Ill. App. 3d 860, 371 N.E.2d 287.) As noted in *Fox*, equal protection is not violated even though legislation differentiates between persons so long as the legislation bears a rational relationship to a legitimate legislative purpose. As noted above, the legislature expressed a rational basis for enactment of the amendment in issue. Therefore, we find no violation of the equal protection clause.

■ Third, plaintiffs contend section 9.1 deprives them of due process. They argue that the legislature could not deprive the public of their right to notice and a hearing once such right was granted.

Here, we can find no violation of plaintiffs' due process right. We first note that the public has no vested right in the continued existence of a taxing statute. (*Schlenz v. Castle* (1981), 84 Ill. 2d 196, 417 N.E.2d 1336.) Second, the purpose of section 9.1 is to validate the miscalculated levies of districts which misinterpreted the term aggregate levies. The amendment corrected procedural defects. The legislature has authority to retroactively correct procedural defects in tax

levies " '*** when the defect consists of the failure to observe some requirement of the law without which the legislature might have authorized the levy to be made.' " (*Schlenz v. Castle* (1981), 84 Ill. 2d 196, 209, 417 N.E.2d 1336, 1342, quoting *People v. Holstrom* (1956), 8 Ill. 2d 401, 404-05, 134 N.E.2d 246, 247.) Plaintiffs do not allege that a hearing was constitutionally required. Thus, the retroactive validation of incorrectly calculated levies and the validation of the levies despite the failure to conduct public hearings does not violate due process.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.