# Illinois Official Reports

## Appellate Court

---

### *Friendship Manor, Inc. v. Wilson*, 2017 IL App (3d) 160391

---

| | |
|---|---|
| Appellate Court Caption | FRIENDSHIP MANOR, INC., an Illinois Not-for-Profit Corporation, Plaintiff-Appellant, v. LARRY WILSON, Not Individually But in His Capacity as Supervisor of Assessments for Rock Island County, Illinois, Defendant-Appellee (Rock Island-Milan School District No. 41, Intervenor-Appellee). |
| District & No. | Third District<br>Docket No. 3-16-0391 |
| Filed<br>Modified upon denial<br>of motion to clarify | October 11, 2017<br><br>November 28, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 14-MR-919; the Hon. Clarence M. Darrow, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Patrick J. Hanlon, of Hanlon Vinson, LLP, and Floyd D. Perkins, of Nixon Peabody, LLP, both of Chicago, for appellant.<br><br>John L. McGehee, State's Attorney, of Rock Island (Patrick Delfino, of State's Attorneys Appellate Prosecutor's Office, and Christopher E. Sherer and Matthew R. Trapp, of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, of counsel), for appellee Larry Wilson. |

Robert J. Noe, William J. Snyder, and Daniel F. Hardin, of Bozeman, Neighbour, Patton & Noe, LLP, of Moline, for intervenor-appellee Rock Island-Milan School District No. 41.

Panel                  JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Schmidt concurred in the judgment and opinion.


## OPINION

¶ 1      The plaintiff, Friendship Manor, Inc., sought a declaration that it was qualified to receive a general homestead exemption under section 15-175(f) of the Property Tax Code (35 ILCS 200/15-175(f) (West 2014)) for the tax year 2014 and future years. The circuit court granted summary judgment to the defendant Larry Wilson, the supervisor of assessments, finding that Friendship Manor was not entitled to the exemption. Friendship Manor appealed.

¶ 2                                       FACTS

¶ 3      Friendship Manor, Inc., is an Illinois not-for-profit corporation, with its principal place of business located in Rock Island County, Illinois. It operates a licensed life care facility, as defined and licensed by the Life Care Facilities Act (210 ILCS 40/1 *et seq.* (West 2014)). As a life care facility, Friendship Manor contracts with the individuals to whom it provides housing, maintenance, and nursing, medical, or personal care services. The individuals reside in private "apartment homes" at Friendship Manor. Friendship Manor pays real estate taxes to the local taxing authorities and allocates each of its residents a portion of the tax attributable to the resident's "apartment home." If a resident qualifies for and receives a tax exemption, then Friendship Manor reduces the resident's share of the tax bill by an amount equal to the savings derived from the exemption. For many years, Friendship Manor applied for and received the general homestead exemption (35 ILCS 200/15-175 (West 2014)) and a senior citizens homestead exemption (35 ILCS 200/15-170 (West 2014)) pursuant to the Illinois Property Tax Code.

¶ 4      In 2014, Wilson, the supervisor of assessments for Rock Island County, advised Friendship Manor that he had interpreted the general homestead exemption statute and determined that Friendship Manor, on behalf of its qualified residents, was not entitled to a general homestead exemption, as it did not meet the conditions for exemption under the language of section 15-175(f) of the Property Tax Code (35 ILCS 200/15-175(f) (West 2014)). Wilson determined that the residents were not entitled to the homestead exemption because Friendship Manor was not considered a cooperative.

¶ 5      On October 20, 2014, Friendship Manor filed a nonfarm property valuation assessment complaint with the Rock Island County Board of Review. While that was pending, Friendship Manor filed the instant complaint for declaratory relief against Wilson, seeking a declaration that the residents had been improperly denied homestead exemptions in 2014 and a declaration

that Friendship Manor was indeed a cooperative whose residents are eligible for the homestead exemption. Wilson filed a motion to dismiss, arguing, *inter alia*, that Friendship Manor lacked standing to bring the action, the tax code had been properly applied, and Friendship Manor had failed to exhaust its administrative remedies. The circuit court denied the motion to dismiss.

¶ 6    On December 10, 2015, Rock Island-Milan School District No. 41 filed a motion to intervene, arguing that if Friendship Manor was successful, the school district would be financially affected by the reduced amount of real estate taxes. The motion to intervene was granted. Thereafter, Wilson filed a motion for summary judgment, arguing that Friendship Manor was not entitled to relief. Friendship Manor and the school district also filed motions for summary judgment. The circuit court found that, whether or not Friendship Manor was considered a cooperative, in order for a life care facility to be eligible for a general homestead exemption under section 15-175(f) of the Property Tax Code, its residents had to have a legal or equitable ownership in the life care facility. Since the Friendship Manor residents did not have ownership of record in the facility, no general exemption under section 15-175 of the Property Tax Code was warranted. Thus, the circuit court entered judgment in favor of Wilson and the school district and against Friendship Manor. Friendship Manor appealed.

¶ 7                                    ANALYSIS

¶ 8    Wilson argues that the circuit court never had jurisdiction because Friendship Manor filed a declaratory judgment complaint rather than a statutory tax objection complaint. Wilson contends that the Property Tax Code is a comprehensive statute and the exclusive remedy for real estate tax disputes. Friendship Manor argues that it filed a declaratory judgment action because the assessor's actions were unauthorized by law. Subject-matter jurisdiction is a question of law that this court reviews *de novo*. *Blount v. Stroud*, 232 Ill. 2d 302, 308 (2009).

¶ 9    Generally, the existence of another remedy will not preclude bringing a declaratory judgment action. But declaratory relief is unavailable in revenue cases if the statute provides an adequate remedy. *Board of Education of Park Forest-Chicago Heights School District No. 163 v. Houlihan*, 382 Ill. App. 3d 604, 609 (2008). With respect to property tax, the general rule is that a taxpayer is limited to first exhausting administrative remedies provided by statute beginning with the Board of Review—the remedy at law for an incorrect assessment—before seeking relief in the circuit court. The taxpayer then has the option of either appealing to the Property Tax Appeal Board (35 ILCS 200/16-160 (West 2014)) or filing a tax objection complaint in circuit court (35 ILCS 200/23-15 (West 2014)). Thus, the adequate remedy at law is to pay the taxes under protest and file a statutory objection. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 295-96 (2010).

¶ 10   Friendship Manor argues that this case falls under one of the exceptions to this rule: a taxpayer may seek equitable relief when the tax is unauthorized by law. See *Millennium Park Joint Venture, LLC*, 241 Ill. 2d at 295. Friendship Manor cites two cases, *Fox v. Rosewell*, 55 Ill. App. 3d 860 (1977), and *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546 (1999), in support of its argument. However, in *Fox*, the plaintiff was challenging the constitutionality of a statute, and in *County of Knox*, the subject property was exempt from zoning regulations, so declaratory relief was proper. Friendship Manor does not argue that the general homestead statute was unconstitutional or that the property was exempt from taxation; it only argues that the assessor applied the statute incorrectly.

¶ 11      We conclude that Friendship Manor was required to exhaust the administrative remedies provided by statute, namely a tax objection with the Board of Review, before filing an action in circuit court. Friendship Manor contends that Wilson waived the issue by not raising it as an affirmative defense, but subject-matter jurisdiction cannot be waived, stipulated to, or consented to by the parties, nor can it be conferred by estoppel. *KT Winneburg, LLC v. Calhoun County Board of Review*, 403 Ill. App. 3d 744, 747 (2010). Since Friendship Manor did not exhaust its administrative remedies before commencing this litigation, the circuit court lacked subject-matter jurisdiction. We find the order entered in the circuit court was void *ab initio*. See *In re Marriage of Schlam*, 271 Ill. App. 3d 788, 793 (1995) (orders entered by a court that lacks jurisdiction are void *ab initio*). Since the circuit court lacked jurisdiction, we likewise lack jurisdiction entertain this appeal. Thus, the challenged 2014 tax assessments stand, subject to the administrative tax objection proceedings.

¶ 12                                 CONCLUSION

¶ 13      The appeal from the judgment of the circuit court of Rock Island County is dismissed.

¶ 14      Appeal dismissed.